# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DERRICK EDWARDS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:24-CV-00861-NCC |
| DANIEL KEEN, MEDICAL DAVID, MEDICAL SARAH, and MEDICAL BRYN, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff Derrick Edwards's application to proceed in the district court without prepaying fees or costs. Having reviewed the application, the Court finds Plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $13.22. Additionally, for the reasons discussed below, the Court will order Plaintiff to amend his complaint.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action without prepayment of fees and costs is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will

forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted his inmate account statement from the Fulton Correctional Center for the time period June 29, 2024 through August 12, 2024. He states this was the only information his case worker could provide. Based on the month of June 29, 2024 through July 29, 2024, the Court finds Plaintiff has a monthly deposit of $66.11. The Court will grant Plaintiff's application and assess an initial partial filing fee of $13.22, which is twenty percent of his monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within

the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### The Complaint

Plaintiff brings this 42 U.S.C. § 1983 action arising out of injuries he allegedly suffered because of Defendants' deliberate indifference to his medical needs while he was incarcerated in the St. Charles County Department of Corrections (DOC). He names as Defendants Daniel Keen, Director of the St. Charles County DOC, and three medical personnel identified only as Medical David, Medical Sarah, and Medical Bryn. He names all Defendants in both their individual and official capacities.

Plaintiff states over the course of four or five months while he was incarcerated, he suffered a medical emergency that went untreated by Defendants resulting in the subsequent loss of all vision in his right eye.[1] He states he was having trouble with his eyesight and needed to see an eye doctor, but his requests were repeatedly denied by Defendants.

### Discussion

Liability in a 42 U.S.C. § 1983 case is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability

---

[1] Plaintiff's complaint is inconsistent as to the date of his injuries. Initially, Plaintiff states this happened in December 2023. ECF No. 1 at 3. He later states his injuries occurred over the course of four months. *Id.* at 4. He later states this was over the course of five months. *Id.*

-3-

"requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006); *see also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights); *Love v. Schoffman*, 142 Fed. Appx. 278, 279 (8th Cir. 2003) (affirming pre-service dismissal under 28 U.S.C. § 1915 because the complaint "did not specify which of the many named defendants was responsible for each of the alleged harms"). To that end, a plaintiff must allege facts connecting the defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

Plaintiff has not alleged any facts connecting any of the Defendants to his alleged claims of deliberate indifference to a serious medical need. Neither the Court nor Defendants have any information regarding what each Defendant did or failed to do to harm Plaintiff. Additionally, Plaintiff does not specify the dates his injuries occurred, stating only that it was over the course of four months and later that it was over the course of five months. Because he is proceeding as a self-represented litigant, and has presented serious allegations to the Court, Plaintiff will be allowed to amend his complaint according to the instructions set forth below.

### Instruction for Filing Amended Complaint

The Court will provide Plaintiff with a form prisoner civil rights complaint. In the "Statement of Claim" section, Plaintiff is required to allege facts demonstrating the personal responsibility of each separate Defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). That is, for each Defendant, Plaintiff must allege facts showing how that particular Defendant's acts or omissions violated his constitutional rights. It is not enough for

Plaintiff to make general allegations against all the Defendants as a group. Rather, Plaintiff needs to provide the role of each named Defendant in this case, in order that each specific Defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014).

Plaintiff is warned that the filing of an amended complaint completely replaces the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a Defendant will result in the dismissal of that Defendant. If Plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth above, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

## Motion to Increase Claim for Punitive Damages

On August 8, 2024, Plaintiff filed a motion to increase his claim for punitive damages from $11 million to $55 million. Because the Court has ordered Plaintiff to file an amended complaint, it will deny this motion as moot. In his amended complaint, Plaintiff should simply change his requested relief to include punitive damages in the amount of $55 million.

## Motion to Issue Subpoenas

Finally, Plaintiff has filed a motion to issue subpoenas. Although he is not specific as to who he seeks to subpoena, presumably he seeks information from the St. Charles County DOC.

Specifically, he seeks information regarding Defendants' full legal names. The Court will deny this motion without prejudice as premature. At this point, Plaintiff has not stated any plausible claims against Defendants because he has not alleged facts regarding their personal responsibility for the alleged constitutional violations. If, after initial review of Plaintiff's amended complaint, the Court issues process as to Defendants, he may renew his motion to issue subpoenas.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in the district court without prepayment of fees and costs is **GRANTED**. [ECF No. 6]

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of $13.22 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail Plaintiff the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that Plaintiff shall submit within thirty days of the date of this Order an amended complaint as instructed above.

**IT IS FURTHER ORDERED** that Plaintiff's motion increase claim for punitive damages from $11 million to $55 million dollars is **DENIED as moot**. [ECF No. 10]

**IT IS FINALLY ORDERED** that Plaintiff's motion to subpoena the legal full names of defendants is **DENIED without prejudice** as premature. [ECF No. 11]

**Plaintiff's failure to comply with this Order may result in the Court dismissing this action without prejudice and without further notice to Plaintiff.**

Dated this 26th day of December, 2024.

_____
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE