UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DERRICK EDWARDS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DANIEL KEEN, et al., ) <br> ) <br> Defendants. ) | No. 4:24-cv-00861-NCC |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on initial review of self-represented Plaintiff Derrick Edwards's Amended Complaint. For the following reasons, the Court will issue service on the Amended Complaint as to Defendants Daniel Keen and Sarah Broadwater in their individual capacities, but dismiss without prejudice the Amended Complaint as to these Defendants in their official capacities.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without full payment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represent litigants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## The Amended Complaint

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging Defendants were deliberately indifferent to his serious medical needs during his incarceration as a pretrial detainee at the St. Charles County Department of

Corrections (DOC). He names as Defendants (1) Sarah Broadwater, Assistant Health Services Coordinator, and (2) Daniel Keen, Director of Corrections, at the St. Charles DOC. Plaintiff sues Defendants in both their individual and official capacities.

Plaintiff states that in October 2023, he told Defendant Sarah Broadwater that he was losing sight in his right eye. He states Defendant disregarded his medical emergency, which allowed glaucoma to spread inside both of his eyes. He states that his condition became progressively worse over a four-month period, during which he states he constantly told her he was going blind. He alleges she showed complete disregard of his medical emergency and never referred him to an outside hospital. Instead, he states that he continued to gradually lose his eye sight and now is blind in his right eye and partially blind in his left eye. He was "not allowed medical attention until February 9, 2024," although he does not allege what type of care and treatment he received or who provided it. Doc. [19] at 4.

Plaintiff states that he made Defendant Daniel Keen aware of the situation by filing an emergency grievance. Defendant Keen's response to Plaintiff's emergency grievance was the notation, "None Grievable." *Id.*

In addition to his loss of sight, Plaintiff states he suffered mental trauma. For relief, he seeks $55 million in compensatory and punitive damages.

## Discussion

### I.  Individual Capacity Claims

At all relevant times, Plaintiff was a pretrial detainee, so his constitutional claims fall within the ambit of the Fourteenth Amendment. *See Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010). However, the Fourteenth Amendment provides at least as much protection to pretrial detainees as the Eighth Amendment does to convicted prisoners. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). Accordingly, a pretrial detainee's medical claims are analyzed under the Eighth Amendment's deliberate indifference standard. *See Grayson v. Ross*, 454 F.3d 802, 808 (8th Cir. 2006); *see also Morris v. Cradduck*, 954 F.3d 1055, 1058 (8th Cir. 2020) (stating that a pretrial detainee has the same rights to medical care under the due process clause as an inmate has under the Eighth Amendment).

Under the Eighth Amendment, the government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997). To establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019); *see also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019).

With regard to the objective prong, a "serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). As to the subjective prong, an inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Redmond v. Kosinski*, 999 F.3d 1116, 1120 (8th Cir. 2021). In other words, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017); *see also Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018) (explaining that "plaintiff must establish a mental state akin to criminal recklessness: disregarding a known risk to the arrestee's health").

The Court finds that Plaintiff has stated a plausible claim of deliberate indifference to a serious medical need against Defendant Sarah Broadwater. He alleges he "constantly" told her he was losing vision in his right eye, and she did not treat him over a four-month period. Liberally construed, Plaintiff has alleged a serious medical need that Defendant intentionally failed to treat. *Cf. Banks v. Jordan*, No. 1:05-cv-139-TCM, 2008 WL 4371491, *11-17 (E.D. Mo. Sept. 19, 2008) (considering glaucoma a serious medical condition, but finding no delay in treatment where plaintiff's eyes were examined twice in a three-month period, once by an ophthalmologist, and prescription medication was administered); *Hussey v. Green*,

No. 5:04-cv-34-JWC, 2006 WL 1817085, *4 (E.D. Ark. Jun. 30, 2006) (finding glaucoma a serious medical need, but lack of consistency in administration of eye drops did not amount to deliberate indifference). The Court will order service on Defendant Broadwater in her individual capacity.

As to Defendant Daniel Keen, vicarious liability is inapplicable in 42 U.S.C. § 1983 suits. *Marsh v. Phelps Cty.*, 902 F.3d 745, 754 (8th Cir. 2018). Rather, Defendant Keen is "personally liable only for [his] own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). "[A] supervising officer can be liable for an inferior officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010); *see also Morris v. Cradduck*, 954 F.3d 1055, 1060 (8th Cir. 2020) ("To state a claim against a supervisor, a plaintiff must show that the supervising official, through his own individual actions, violated the Constitution"). "[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995); *see also Reynolds v. Dormire*, 636 F.3d 976, 981 (8th Cir. 2011).

Defendant Keen is the Director of the St. Charles County DOC, and is not personally involved in medically treating inmates. He does, however, have a constitutional duty to see that prisoners at his facility who need medical care receive it. *See Langford v. Norris*, 614 F.3d 445, 460-61 (8th Cir. 2010). Plaintiff alleges

Keen knew that he was suffering a serious medical need. While the Court does not have a copy of the grievance Plaintiff filed, Plaintiff alleges he told Keen in the grievance of his progressive blindness. Keen responded, "None Greivable," which shows an indifference toward Plaintiff's serous medical needs. Doc. [19] at 4. Liberally construed on initial review, Plaintiff has alleged a plausible claim that Keen was deliberately indifferent to his medical needs. *See, e.g.*, *Beard v. Falkenrath*, 97 F.4th 1109, 1122 (8th Cir. 2024) (finding government officials are accountable when their own "inaction amount to deliberate indifference to or tacit authorization of violative practices."); *Langford*, 614 F.3d at 460-61 ("[I]f [a prison supervisor] knew that [plaintiff's] serious medical needs were not being adequately treated yet remained indifferent, he may be held personally liable.")

## II.  Official Capacity Claims

Plaintiff's claims against Defendants brought in their official capacities, however, are subject to dismissal. "A core tenet of 42 U.S.C. §1983 jurisprudence is that an official capacity suit against an individual is really a suit against that official's government entity." *Banks v. Slay*, 875 F.3d 876, 878 (8th Cir. 2017). Put another way, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Thus, to prevail on his official capacity claims, Plaintiff must establish St. Charles County's liability for the alleged misconduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). This requires alleging that the

constitutional violation resulted from "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). Plaintiff has not alleged that any constitutional violation resulted from an official policy, unofficial custom, or a failure to train or supervise on the part of St. Charles County. For these reasons, the Court will dismiss without prejudice Plaintiff's claims brought against Defendants in their official capacities.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the Amended Complaint as to Defendants Daniel Keen and Sarah Broadwater in their individual capacities.

**IT IS FURTHER ORDERED** that Plaintiff's claims brought against these Defendants in their official capacities are **DISMISSED** without prejudice.

An Order of Partial Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 12th day of September, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE