**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DERRICK EDWARDS,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL KEEN and<br>SARAH BROADWATER,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:24-CV-00861-NCC |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b), and Memorandum in Support (Docs. 46, 47). Plaintiff has not filed a response, and the time to do so has passed. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc. 29). For the reasons stated below, the Court will grant Defendants' motion and dismiss this case with prejudice.

**I. Background**

On June 20, 2024, Plaintiff, proceeding pro se, filed his Complaint (Doc. 1). The Court granted Plaintiff's application to proceed *in forma pauperis*, and allowed Plaintiff to file an Amended Complaint, which he did, on January 24, 2025 (Docs. 18, 19). In his Amended Complaint, Plaintiff alleges violations of his civil rights pursuant to 42 U.S.C. § 1983 (Doc. 19). Specifically, he alleges he became blind in his right eye and lost partial eyesight in his left eye while he was a detainee in St. Charles County Department of Corrections, due to denial of adequate medical attention and disregard of his medical emergency, and amounting to cruel and unusual punishment (*id.*). The claims brought against Defendants Daniel Keen and Sarah

Broadwater in their official capacities were dismissed without prejudice on September 12, 2025 (Docs. 20, 21).

On October 23, 2025, a Case Management Order was entered, directing disclosures to be submitted by December 22, 2025, and setting a discovery completion deadline of April 21, 2026 (Doc. 28 at 2). The Case Management Order noted that "[f]ailure to make the above disclosures may result in sanctions, including dismissal, entry of default judgment or any other sanction that the Court deems just" (*id.*).

On March 2, 2026, Defendants filed a Motion to Compel, seeking an order from the Court compelling Plaintiff to serve his disclosures and responses to Defendant's First Interrogatories and First Requests for Production of Documents (Doc. 30). According to the motion and attached exhibits, the following occurred. On January 13, 2026, Defendants sent written correspondence informing Plaintiff he failed to provide required disclosures and requesting compliance within 14 days (*id.* at 1). Within the same correspondence, Defendants served Plaintiff with their First Set of Interrogatories and First Requests for Production via first class mail and certified mail, and Plaintiff's responses were due February 16, 2026 (*id.* at 2). On February 20, 2026, Defendant's counsel sent Plaintiff additional written correspondence regarding his outstanding discovery obligations and requesting that he participate in a good faith meet-and-confer by telephone to resolve the matter without Court intervention (*id.*). Plaintiff did not respond to any of Defendants' correspondence, nor serve any disclosures or written discovery responses (*id.*). The motion to compel was filed shortly thereafter on March 2, 2026, noting that Plaintiff's failure to serve required disclosures and respond to written discovery prejudiced Defendants from adequately defending themselves (*id.*).

On March 3, 2026, the Court entered an Order directing Defendants to make efforts to contact Plaintiff by telephone using the number listed in CM-ECF, and to file a status report regarding those efforts (Doc. 31). The Order also required Plaintiff to comply with his discovery obligations and again warned in bold, underlined print, that a failure to do so may result in sanctions, including dismissal, entry of default judgment or any other sanction that the Court deems just (*id.*).

On March 17, 2026, Defendants timely filed their Status Report in response to the Court's Order, with relevant correspondence with Plaintiff attached, noting the following (Doc. 32). On March 3, 2025, Defendants' counsel spoke with Plaintiff by telephone, and during that conversation Plaintiff agreed to provide outstanding disclosures and discovery responses within seventy-two hours (*id.* at 1). Defendants emailed Plaintiff an electronic copy of Defendants' discovery requests that same day, after Plaintiff provided an email address (*id.*). Defendants did not receive Plaintiff's outstanding disclosures and discovery responses, nor any request for extension, and therefore contacted Plaintiff by telephone twice on March 10, 2025, but received a busy signal on both attempts (*id.*). Defendants' counsel then sent an email and letter to Plaintiff requesting compliance with discovery obligations (*id.*). On March 13, 2026, Defendants' counsel again called Plaintiff and left a voicemail requesting the outstanding disclosures and discovery materials (*id.*). Upon filing the status report on March 17, 2026, Defendants still had not received Plaintiff's disclosures or responses to discovery requests (*id.*).

The Court then entered an Order setting the matter for a status conference on April 2, 2026 (Doc. 33). The Order included the requirement that Plaintiff must be present at the status conference, and warned that his failure to appear could result in dismissal of the action for failure to prosecute (*id.*).

Defendants' counsel and Plaintiff appeared for the status conference (Doc. 34). During the conference, the Court granted Plaintiff an extension of time to comply with his discovery obligations, to which Defendants did not object, provided the extension did not exceed seven days (*id.*). The Court also ordered the parties to meet and confer and submit a joint scheduling plan by April 8, 2026 (*id.*). According to Defendants' timely submitted Revised Joint Scheduling Plan, the parties met and conferred in person, following the scheduling conference to discuss a revised case schedule (Doc. 36). Defendants assert that they submitted a proposed modification to Plaintiff on April 2, 2026, but had not received a response from him by the deadline for filing, and that Defendants' counsel had twice attempted to contact Plaintiff by telephone on April 8, 2026, but received a busy signal (*id*).

The Court entered a First Amended Case Management Order on April 15, 2026, adopting the dates provided in the Revised Joint Scheduling Plan (Doc. 37). On June 9, 2026, Defendants filed a Consent Motion to Amend the Case Management Order (Doc. 38). Defendants noted as the basis of this motion, that Plaintiff represented at the status conference that he would provide outstanding discovery responses and disclosures by April 9, 2026, but failed to do so (*id*. at 1). They asserted that on April 10, 2026, Defendants sent a letter to Plaintiff requesting an update regarding compliance (*id*. at 2). On April 15 2026, Defendants assert Plaintiff requested additional time to respond and requested an in-person meeting, which occurred on April 21, 2026 (*id.*). During this meeting, Plaintiff hand-delivered responses to Defendants' First Set of Interrogatories and an executed medical authorization, but did not provide responses to Defendants' Requests for Production and did not provide his Court-ordered disclosures (*id.*). Also during the meeting, Plaintiff agreed to provide the outstanding disclosures and responses to the requests for production by May 1, 2026, but again failed to do so (*id.*).

On May 7, 2026, Defendants' counsel again notified Plaintiff in writing that his disclosures and discovery responses remained outstanding (*id*). On May 12 and 14, 2026, Defendants called Plaintiff but received a busy signal (*id*.). On May 15, 2026, Plaintiff emailed Defendants' counsel that he would provide the outstanding materials by May 19, 2026, but they were not so provided (*id*. at 2-3). Plaintiff represented on June 8, 2026 that he mailed the outstanding materials, but Defendants had not received them (*id*. at 3). Defendants, therefore, requested further extensions from the Court to avoid substantial prejudice in moving the case forward without receiving the discovery necessary to investigate Plaintiff's claims, depose Plaintiff, assess damages, retain and prepare experts, and otherwise prepare their defense (*id*. at 3-4). On June 2, 2026, Defendants requested Plaintiff's position on amending the Case Management Order in light of the discovery issues, and on June 8, 2026, Plaintiff consented to the motion (*id*. at 4). The Court granted additional extensions and entered a Second Amended Case Management Order on June 12, 2026 (Doc. 39). Both the First and Second Amended Case Management Orders warned Plaintiff that failure to comply with any part of the orders may result in the imposition of sanctions (Docs. 37, 39).

On July 6, 2026, Defendants filed their second Motion to Compel and Request for Sanctions (Doc. 41). In that motion, Defendants asserted that as of July 6, 2026, Plaintiff still had neither provided the Court-ordered initial disclosures nor served timely responses to Defendants' Requests for Production (*id*. at 1). They also outlined the repeated delays caused by Plaintiff's failure to comply with his discovery obligations and the Court's orders, despite Defendants repeated good-faith efforts to obtain compliance (*id*. at 1-3). Defendants also asserted that after Plaintiff represented he had mailed materials on June 8, 2026, Defendants' counsel wrote to Plaintiff requesting information as to the date and manner of production, but

received no response and no discovery materials (*id*. at 2). Defendants' counsel then requested an update from Plaintiff via email on June 18, 2026, by telephone, leaving a voicemail on June 22, 2026, and by an additional email on June 25, 2026, (*id*.). After all of these efforts failed, Defendants moved for an order compelling Plaintiff to serve the outstanding materials and imposing appropriate sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure (*id*. at 3). They asserted that Plaintiff's ongoing noncompliance substantially prejudiced them from evaluating Plaintiff's claims, preparing their defenses, conducting meaningful discovery, complying with the Court's deadlines, and had increased costs and delayed the orderly progression of the litigation (*id*.). Defendants requested that the Court prohibit Plaintiff from introducing any evidence or information that should have been disclosed in his initial disclosures or produced in response to Defendants' requests for production (*id*.). Plaintiff did not file a response.

On August 5, 2026, the Court granted in part Defendants' second Motion to Compel, and ordered Plaintiff to serve upon Defendants his initial disclosures and complete responses to Defendants' First Requests for Production of Documents on or before August 17, 2026 (Doc. 42). The Court warned Plaintiff that a failure to do so would result in the setting of a show cause hearing regarding why sanctions should not be imposed, including Defendants' request that the Court prohibit Plaintiff from introducing any evidence or information that should have been disclosed in his initial disclosures or produced in response to Defendants' requests for production, or other sanctions, including dismissal, entry of default judgment, or any other sanction the Court deems just (*id*. at 3). Defendants were directed to file a status report regarding their receipt, or lack thereof, of the required materials (*id*. at 4).

On August 18, 2026, Defendants filed a Status Report informing the Court that Defendants did not receive Plaintiff's initial disclosures and responses to Defendants' First Requests for Production of Documents, and that since the Court's Order, Plaintiff had not contacted Defendants counsel in any way to request an extension or arrange for delivery of the required responses (Doc. 43). The Court then set the matter for a show cause hearing on August 26, 2026 (Doc. 44). The Court's order included the specific requirement that Plaintiff be present at the hearing, and warned that if Plaintiff failed to appear, the action may be dismissed (*id.*). Plaintiff did not appear at the hearing, nor did he file anything with the Court to explain his absence or request a continuance (Doc. 45). Defendants subsequently filed their Motion to Dismiss this action with prejudice, pursuant to Federal Rule of Civil Procedure 41(b) based on Plaintiff's willful disobedience of four Court orders and prejudice suffered by Defendants in their ability to adequately defend themselves due to Plaintiff's conduct (Doc. 46). Plaintiff did not file a response, and the time to do so has passed.

## II. Discussion

Federal Rule of Civil Procedure 41(b) permits a defendant to move to dismiss a case with prejudice "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." The Eighth Circuit has explained that "[t]his power enables the district courts to ensure the expeditious handling of cases and to protect the rights of opposing parties to be free of prejudice caused by a litigant's dilatory conduct." *Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997). Notably, "[i]n evaluating the propriety of a dismissal with prejudice under Rule 41(b), the Eighth Circuit looks to 'the degree of egregious conduct which prompted the order of dismissal and to a lesser extent upon the adverse impact of such conduct upon both the defendant and the administration of justice in the district court.'"

*Gray v. City of Kansas City, Missouri*, No. 4:25-CV-00369-DGK, 2026 WL 1287135, at *1 (W.D. Mo. May 11, 2026) (quoting *Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008)).

The Eighth Circuit has repeatedly emphasized that "[d]ismissal with prejudice is an 'extreme sanction' that should only be available for 'willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay.'" *Siems v. City of Minneapolis*, 560 F.3d 824, 826 (8th Cir. 2009) (quoting *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000)); *see also Givens v. A.H. Robins Co., Inc.*., 751 F.2d 261, 263 (8th Cir. 1984) ("Dismissal with prejudice is an extreme sanction and should be used in cases of willful disobedience of a court order or continued persistent failure to prosecute a complaint."). To dismiss with prejudice pursuant to Rule 41(b), the Court need not find that a plaintiff acted in bad faith, "but the district court must find that the plaintiff 'acted intentionally as opposed to accidentally or involuntarily.'" *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 722 (8th Cir. 2010) (quoting *Hunt*, 203 F.3d at 527). Additionally, "[e]ven when dismissal with prejudice is supported by the facts, the 'ultimate sanction of dismissal with prejudice should only be used when lesser sanctions prove futile.'" *Siems*, 560 F.3d at 826 (quoting *Rodgers v. Curators of the Univ. of Mo.,* 135 F.3d 1216, 1222 (8th Cir.1998)).

Finally, the Court notes that Plaintiff is proceeding pro se, but, "[p]ro se litigants are not excused from complying with court orders or substantive and procedural law." *Farnsworth v. City of Kansas City, Mo*., 863 F.2d 33, 34 (8th Cir. 1988) (per curiam) (citing *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) (per curiam); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."). Ultimately, "a

litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit." *Id.*

In the case at bar, Plaintiff failed to comply with several orders: (1) the Case Management Order dated October 23, 2025, setting a disclosure deadline of December 22, 2025, and warning Plaintiff that failing to make the disclosures may result in sanctions, including dismissal (Doc. 28); (2) the Court's Order dated March 3, 2026, regarding Defendant's first Motion to Compel, ordering that "Plaintiff shall comply with his discovery obligations," and stating in bold, underlined text: "**Failure to do so may result in sanctions, including dismissal, entry of default judgment or any other sanction that the Court deems just**" (Doc. 31); (3) the Order granting in part Defendants' Second Motion to Compel directing Plaintiff to serve his initial disclosures and complete responses to Defendants' First Requests for Production of Documents on or before August 17, 2026, and warning Plaintiff that failure to do so would result in the setting of a show cause hearing regarding why sanctions, including dismissal, should not be imposed (Doc. 42); and (4) the Order setting the show cause hearing on August 26, 2026, requiring that Plaintiff be present at the hearing, and warning that if Plaintiff failed to appear, the action may be dismissed (Doc. 44).

Although not required to provide a warning prior to granting a Rule 41(b) dismissal, here, the Court repeatedly and unequivocally did so, putting Plaintiff on notice that he was "skating on the thin ice of dismissal." *Rodgers*, 135 F.3d at 1221. Despite this, Plaintiff has not offered any explanation or justification for his noncompliance with Court orders, nor has he requested a continuance or otherwise communicated with the Court in any manner regarding his failure to appear at the show cause hearing. In fact, he has not communicated with the Court in any way since his appearance at the April 2, 2026 status conference more than six months ago

(*see* Doc. 34). Although he appeared at that status conference and intermittently communicated with Defendants' counsel, those communications included Plaintiff's agreement to provide materials by dates certain, which he then failed to provide, resulting in Defendants' extensive efforts to contact Plaintiff, track down materials, and seek extensions and other remedies from the Court, as outlined above. Plaintiff's lack of compliance or any response whatsoever to these proceedings reflect that he has "flagrantly disregarded or ignored" this Court's repeated warnings, and the Court finds that his actions in disobeying Court Orders were willful, and that he engaged in a persistent pattern of intentional delay. *Smith*, 526 F.3d at 405.

Based on these findings, dismissal with prejudice is the appropriate course of action. *See Hunt*, 203 F.3d at 528 (holding that dismissal with prejudice was "a justifiable and proportionate response to a demonstrated pattern of dilatory conduct," where the district court concluded several distinct violations of the Court's orders and the Federal Rules, taken together, "amounted to a persistent pattern of delay, willful violation of court orders, and intentional disregard of the Federal Rules."); *First Gen. Resources Co. v. Elton Leather Corp.,* 958 F.2d 204, 206 (8th Cir.1992) (per curiam) (affirming Rule 41(b) dismissal with prejudice after district court twice ordered party to respond to discovery requests, provided extensions on each occasion, and expressly warned party failure to do so would result in dismissal of their action, and agreeing with the district court that these actions constituted a pattern of intentional delay meriting dismissal with prejudice).

The Court is cognizant that dismissal with prejudice is an extreme sanction. Here, however, Plaintiff had multiple opportunities to provide the outstanding discovery materials, and more than enough time to do so via multiple deadline extensions. Plaintiff's initial disclosures were originally due in December of 2025, and now 10 months, several Court orders, a status

conference, multiple calls and emails by Defendant, and a show cause hearing, all have not sufficed to motivate Plaintiff to participate. In light of this, and Plaintiff's disregard of the warnings provided, the Court concludes any lesser sanctions would not be effective in gaining Plaintiff's compliance. Further, the Court has no reason to believe Plaintiff will follow any order, and the Court finds that lesser sanctions would be futile.

The Court also finds that Plaintiff's persistent pattern of delay and willful disobedience of the Court's orders have adversely impacted the administration of justice by the Court and prejudiced Defendants. Defendants have asserted that Plaintiff's dilatory actions have increased their costs and prevented them from adequately evaluating Plaintiff's claims, preparing their defenses, conducting meaningful discovery, or participating in orderly progression of the litigation. For these additional reasons, dismissal with prejudice is appropriate.

## III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. 46) is **GRANTED**.

**IT IS FURTHER ORDERED** that that this action is **DISMISSED with prejudice**. The Court will enter a separate order of dismissal.

Dated this 2nd day of November, 2026.

/s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE